IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLAIRE SINGLETON, an individual<br><br>        Plaintiff,<br>v.<br><br>KAT EXPLORATION INC., a Nevada Corporation,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING SECOND MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE**<br><br>Case No. 2:17-cv-00556-CW-DBP<br><br>Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

Plaintiff Claire Singleton has renewed her motion for the court to enter default judgment against Defendant KAT Exploration, Inc. (ECF No. 11.) The court previously denied Plaintiff's motion for default judgment without prejudice for failure to show proper service and a lack of documentary support for the judgement sought. (*See* ECF No. 10.)

After Plaintiff renewed her motion, the court held a hearing to address further concerns the court had identified regarding the entry of default judgment in this case. In particular, under *Williams v. Life Sav. & Loan*, 802 F.2d 1200 (10th Cir. 1986), the court must first satisfy itself that it has personal jurisdiction over a defendant who has not appeared before entering default judgment against that defendant. As the Tenth Circuit explains:

> [W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties. In reviewing its personal jurisdiction, the court does not assert a personal defense of the parties; rather, the court exercises its responsibility to determine that it has the power to enter the default judgment.

*Id.* at 1203.

Plaintiff bears the burden of establishing personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). Plaintiff need only make a prima facie showing of personal jurisdiction at this point. *See id.* at 1070. "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998). At the hearing, the court gave Plaintiff an opportunity to present any facts not apparent in the record which would support the court's exercise of personal jurisdiction over KAT Exploration. Plaintiff's supplemental brief argues that the court has personal jurisdiction over KAT Exploration because it contracted with Action Stock Transfer of Cottonwood Heights, Utah, to be KAT Exploration's stock transfer agent. (ECF No. 14, pp. 2-4.) Action Stock Transfer is not a party to this case, but because it would handle the stock transfer that Plaintiff requests as its default judgment, Plaintiff argues that KAT Exploration has showed its intent to redress her injuries from KAT Exploration's Utah-based activities. (*Id.* at 4.)

Upon consideration of the record and Plaintiff's arguments, the court concludes that it lacks personal jurisdiction over KAT Exploration. "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005) (quoting *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)). Because Utah's long-arm statute confers the maximum jurisdiction allowed by due process of law, Utah Code Ann. § 78B-3-201(3), the inquiry under Utah law "collapses . . .

into the more general 'due process' standard for jurisdiction." *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

Due process contemplates two types of personal jurisdiction: general and specific. To assert general jurisdiction over a corporate defendant, the defendant must be "at home" in the forum state. *Daimler AG v. Bauman*, 571 U.S. ___, 134 S.Ct. 746, 754 (2014). Absent exceptional circumstances, a corporation is "at home" in the forum(s) where it is incorporated and where it maintains its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017). According to Plaintiff's Complaint, which the court accepts as true when considering a default judgment, KAT Exploration is a Nevada corporation with its principal place of business in Newfoundland, Canada. (ECF No. 2, p. 2.) Perceiving no other circumstances that could suggest general jurisdiction in this forum, the court finds it does not have general jurisdiction over KAT Exploration.

Turning to specific jurisdiction, the Tenth Circuit has stated that the "jurisdictional inquiry in Utah diversity cases is reduced to a single question: did the defendant[] have sufficient 'minimum contacts' with the state of Utah to establish personal jurisdiction over [it]?" *Rusakiewicz*, 556 F.3d at 1100. A defendant is held to have minimum contacts with a forum where "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks and citations omitted). The complaint and attached documents show that all of KAT Exploration's conduct, including the business transactions that form the basis for Plaintiff's complaint, took place outside of this district in Nevada or perhaps California or Canada. The Convertible Note provides for California

3

law and a California forum. None of the allegations in the Complaint make any connection to Utah. And, importantly, no injury or breach occurred here. The only reason this case appears to have been brought in Utah is because Plaintiff—the assignee to the contract in default—is located here.

Plaintiff's supplemental submission did not provide any other facts suggesting this court has specific jurisdiction over this action. Plaintiff does not allege wrongful conduct by Action Stock Transfer and none of KAT Exploration's alleged wrongful conduct appears purposefully directed at Utah. Plaintiff fails to demonstrate that her claim *arises* from KAT Exploration's forum-related activities; the fact that KAT Exploration's stock transfer agent happens to be located in Utah is incidental to the action. *See Dudnikov*, 514 F.3d at 1071 (noting that the "'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state" (quoting *Burger King*, 471 U.S. at 475).)

For these reasons, the court **DENIES** Plaintiff's second motion for entry of default judgment, (ECF No. 11), and **DISMISSES** the action for lack of personal jurisdiction.

DATED this 5th day of February, 2018.

                                                BY THE COURT:

                                                Clark Waddoups
                                                United States District Judge